UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

BRUCE WILKES,

                           Plaintiff,

        -against-

CITY OF NEW YORK, JON GLADSTONE, Individually,
OMAR COLON, Individually, ANDREW DUGUID, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                           Defendants.

---------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 6042
(JG) (RLM)

<u>Jury Trial Demanded</u>

       Plaintiff BRUCE WILKES, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### <u>Preliminary Statement</u>

       1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

### <u>JURISDICTION</u>

       2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### <u>VENUE</u>

       4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff BRUCE WILKES is a fifty-one year old African American man residing

in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JON

GLADSTONE, OMAR COLON, ANDREW DUGUID, and JOHN and JANE DOE 1 through

10, were duly sworn police officers of said department and were acting under the supervision of

said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On July 21, 2013, at approximately 6:30 p.m., plaintiff BRUCE WILKES was lawfully present on MacDonough Street, walking towards the intersection of Decatur Street, in Brooklyn, New York.

13.     WILKES had just purchased eye drops from a nearby drug store for an eye injury he had suffered when a chemical substance splashed in his eye while performing plumbing work inside a residence on Decatur Street.

14.     While WILKES was walking back to the Decatur Street residence, he heard someone aggressively yell "come here!"

15.     WILKES turned towards the direction from where he heard the yell and saw an unmarked gray-colored van with tinted windows.  Unbeknownst to plaintiff, the van was occupied by defendant officers JON GLADSTONE, OMAR COLON, and ANDREW DUGUID.

16.     WILKES became scared and ran a short distance.

17.     While running, WILKES saw a white male dressed in street clothes chasing him while pointing a firearm at WILKES.

18.     The white male then identified himself, for the first time, as a police officer, yelling, in sum and substance, police, stop, put your hands up, turn around, and lay down on the ground with your hands behind your back.

19.     WILKES stopped as directed, and went down on the ground, chest down.

20.     While WILKES was lying on the ground with his hands behind his back, a

3

defendant officer unlawfully and unnecessarily drove his knee into WILKES' back, causing him immense pain.

21.     The defendant officers then handcuffed WILKES.

22.     Upon information and belief, defendant officers GLADSTONE, COLON, and DUGUID stopped WILKES pursuant to an unlawful practice of stopping and searching individuals due to discrimination against them based on their race and/or nationality and not for a lawful particularized suspicion that WILKES was engaged in criminal activity.

23.     After handcuffing WILKES, plaintiff was picked up off the ground and defendant GLADSTONE, COLON, and DUGUID, detained him on the street for approximately thirty minutes.

24.     The defendant officers then caused plaintiff to be imprisoned in the back of a prisoner van, where WILKES remained for approximately two to three hours.

25.     Throughout his time in the aforementioned van, WILKES repeatedly asked for medical attention, but his requests were ignored.

26.     The defendant officers caused plaintiff to be transported to the NYPD 81st precinct stationhouse and placed him in a holding cell.

27.     While in the holding cell, WILKES again requested medical attention and was told by an unidentified police officer, in sum and substance, they will get to you.

28.     Approximately seven hours after plaintiff was arrested, the defendant officers caused plaintiff to be transported to Kings County Central Booking without rendering him medical treatment, despite a duty to do so.

29.     At central booking, an unidentified individual examined WILKES and indicated

4

that WILKES needed immediate medical attention.

30.     WILKES was finally transported to Brooklyn Hospital Center ("Brooklyn Hospital"), located at 121 Dekalb Avenue, Brooklyn, New York, via ambulance.  WILKES was handcuffed during said transport.

31.     WILKES was admitted to Brooklyn Hospital at approximately 4:30 a.m. on July 22, 2013 and received treatment for his injuries that were inflicted upon him by the defendant NYPD officers, as well as for the eye injury that he had suffered immediately prior to his encounter with the defendant NYPD officers on MacDonough Street.

32.     WILKES was discharged from Brooklyn Hospital at approximately 3:36 p.m. on July 22, 2013, and thereafter arraigned on July 23, 2013, on baseless charges filed in Kings County Criminal Court under docket no. 2013KN057032.  Said charges having been filed based on the false allegations of defendant GLADSTONE that WILKES possessed a quantity of marijuana in pubic and further that he resisted arrest by flailing his arms and refusing to be handcuffed.  The individual defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against WILKES for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned acts of brutality.

33.     The defendant police officers created and manufactured false evidence against plaintiff, which the officers conveyed to the Kings County District Attorney's Office causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

34.     The false charges were adjourned in contemplation of dismissal during plaintiff's arraignment on July 23, 2013.

35.     Defendants GLADSTONE, COLON, DUGUID, and JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

36.     Defendant COLON, who holds the rank of sergeant, supervised defendants GLADSTONE, DUGUID, and JOHN and JANE DOE 1 through 10, and participated in, approved of, and oversaw, the arrest of and use of force against plaintiff.

37.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

38.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: the use of force; disproportionately stop, search, and arrest individuals due to discrimination against them based on their race or nationality; and engage in a practice of falsification.

39.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

40.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

41.     As a result of the foregoing, plaintiff BRUCE WILKES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

44.     All of the aforementioned acts deprived plaintiff BRUCE WILKES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

45.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

46.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

7

Department, all under the supervision of ranking officers of said department.

47.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48.   As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

49.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.   Defendants arrested plaintiff BRUCE WILKES without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

51.   Defendants caused plaintiff BRUCE WILKES to be falsely arrested and unlawfully imprisoned.

52.   As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff BRUCE WILKES'S constitutional rights.

55.     As a result of the aforementioned conduct of defendants, plaintiff BRUCE WILKES was subjected to excessive force and sustained physical and emotional injuries.

56.     As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants created false evidence against plaintiff BRUCE WILKES.

59.     Defendants utilized this false evidence against plaintiff BRUCE WILKES in legal proceedings.

60.     As a result of defendants' creation and use of false evidence, plaintiff BRUCE WILKES suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

61.     As a result of the foregoing, plaintiff BRUCE WILKES is entitled to

9

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

64.     As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants issued criminal process against plaintiff BRUCE WILKES by causing his arrest and prosecution in a criminal court.

67.     Defendants caused plaintiff BRUCE WILKES to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to

avoid discipline for their acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

68.     As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants had an affirmative duty to intervene on behalf of plaintiff BRUCE WILKES, whose constitutional rights were being violated in their presence by other officers.

71.     The defendants failed to intervene to prevent the unlawful conduct described herein.

72.     As a result of the foregoing, plaintiff BRICE WILKES'S liberty was restricted for an extended period of time, he was put in fear of his safety, subjected to excessive force, humiliated, and compelled to appear in criminal court.

73.     As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

76.     As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     The defendants falsely arrested and subjected plaintiff BRUCE WILKES to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

79.     As a result of the foregoing, plaintiff BRUCE WILKES was deprived of his rights under the Equal Protection Clause of the United States Constitution.

80.     As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

83.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff BRUCE WILKES'S rights as described herein, as well as disproportionately stopping, searching, and arresting individuals due to discrimination against them based on their race or nationality; and engaging in a practice of falsification. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

84.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff BRUCE WILKES.

85.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

13

cause of the constitutional violations suffered by plaintiff BRUCE WILKES as alleged herein.

86.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff BRUCE WILKES as alleged herein.

87.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff BRUCE WILKES was unlawfully arrested and subjected to excessive force.

88.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff BRUCE WILKES'S constitutional rights.

89.   All of the foregoing acts by defendants deprived plaintiff BRUCE WILKES of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from excessive force;

      D.    To be free from the failure to intervene;

      E.    To receive his right to fair trial;

      F.    To be free from malicious abuse of process; and

      G.    To receive equal protection under law.

90.   As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

91.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

93.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

94.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

95.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

96.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

97.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    Defendants arrested plaintiff BRUCE WILKES without probable cause.

99.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

15

100.    As a result of the aforementioned conduct, plaintiff BRUCE WILKES was unlawfully imprisoned in violation of the laws of the State of New York.

101.    As a result of the aforementioned conduct, plaintiff BRUCE WILKES suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

102.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    As a result of the foregoing, plaintiff BRUCE WILKES was placed in apprehension of imminent harmful and offensive bodily contact.

105.    As a result of defendant's conduct, plaintiff BRUCE WILKES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

106.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

16

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

107.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.   Defendants made offensive contact with plaintiff BRUCE WILKES without privilege or consent.

109.   As a result of defendants' conduct, plaintiff BRUCE WILKES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

110.   As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

111.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.   Defendants issued criminal process against plaintiff BRUCE WILKES by causing him to be arrested, arraigned and prosecuted in criminal court.

113.   Defendants caused plaintiff BRUCE WILKES to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid

17

discipline for the above mentioned acts of brutality.

114.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

115.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff BRUCE WILKES.

117.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

118.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

119.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth

herein.

120.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff BRUCE WILKES.

121.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

122.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

125.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

127.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

130.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

131.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132.    As a result of defendants' conduct, plaintiff BRUCE WILKES was deprived of his right to security against unreasonable searches, seizures, and interceptions.

133.    As a result of the foregoing, plaintiff BRUCE WILKES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

21

**WHEREFORE**, plaintiff BRUCE WILKES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 2, 2015

                LEVENTHAL & KLEIN, LLP
                Attorneys for Plaintiff BRUCE WILKES
                45 Main Street, Suite 230
                Brooklyn, New York 11201
                (718) 722-4100

                By:                        
                BRETT H. KLEIN (BK4744)

22

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

BRUCE WILKES,

            Plaintiff,      14 CV 6042
                       (JG) (RLM)

   -against-

CITY OF NEW YORK, JON GLADSTONE, Individually,
OMAR COLON, Individually, ANDREW DUGUID, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

            Defendants.

----------------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100